## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARK W. SPEAKES, as the Fund Administrator of the Laborers' National (Industrial) Pension Fund, 905 - 16th Street, N.W. Washington, D.C. 20006,** | ) ) ) ) ) ) ) |
| **and** | ) ) |
| **ZENITH ADMINISTRATORS, INC., as the Administrator of the Laborers' National Health and Welfare Fund and as the Administrator of the Laborers' Service Contract Education and Training Fund, 5565 Sterret Place, Suite 210 Columbia, Maryland 21044,** | ) ) ) ) ) ) ) ) ) ) **CIVIL ACTION NO._____** ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) ) |
| **RELIEF ENTERPRISES, INC. 6448 East 290 Suite E-110 Austin, Texas 78723,** | ) ) ) ) ) |
| **and** | ) ) |
| **Clarence Williams c/o Relief Enterprises, Inc. 6448 East 290 Suite E-110 Austin, Texas 78723,** | ) ) ) ) ) ) |
| **and** | ) ) |
| **Calvin Williams c/o Relief Enterprises, Inc. 6448 East 290** | ) ) ) |

-2-

**Suite E-110**                              )
**Austin, Texas 78723,**                     )
                                             )
                              **Defendants. )**
_____)

## COMPLAINT

**NOW COME** Plaintiffs, by and through their undersigned attorney, and for their causes of action against Defendant, complain and allege as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.    This is a civil action brought pursuant to Sections 502 (a)(2), 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C. §§1132 (a)(3) and 1145, by the administrators of three employee benefit plans to secure performance by a company of specific statutory and contractual obligations to pay contributions to the benefit funds on behalf of the company's employees, to pay interest on delinquent contributions, to pay collection costs, and to submit contribution reports.  The action further seeks to remedy breaches of fiduciary duties by officers and an owner of the company with respect to the contributions and other monies owed by the company to the employee benefit plans.

2.    Jurisdiction is conferred on this court under the following statutes:

    (a)    ERISA Sections 502(e)(1), (f), 29 U.S.C. §§1132(e)(1), (f);

    (b)    28 U.S.C. §1331 (federal question); and

    (c)    29 U.S.C. §1337 (civil action arising under act of Congress
           regulating commerce).

3.    Venue properly lies in the district for the District of Columbia pursuant to

-3-

Section 502(e) of ERISA, 29 U.S.C. §1132(e).  Plaintiff Speakes' office, the Pension Fund's administrative office, is located in the District of Columbia.  Substantial administrative functions for the Training Fund and the Health Fund administered by Plaintiff Zenith Administrators, Inc. are conducted within the District of Columbia.

4.      Under ERISA Section 502(e), Defendants may be served in any federal district in which it / he resides or may be found so as to subject Defendants to the personal jurisdiction of this Court.

## IDENTIFICATION OF THE PARTIES

5.      Plaintiff Mark W. Speakes is the Fund Administrator of the Laborers' National (Industrial) Pension Fund (the "Pension Fund").  As such, he is a fiduciary with respect to the Pension Fund within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C. §§1002(21) and 1132).  He brings this action in his fiduciary capacity on behalf of and for the benefit of the Pension Fund with the authorization of the Pension Fund's Board of Trustees.

6.      The Pension Fund is a joint labor-management trust fund established and maintained pursuant to an Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)).  The Pension Fund is an employee pension benefit plan and an employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and 1145).  The Pension Fund is authorized to maintain suit as an independent legal entity

-4-

under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ).  The purpose of the

Pension Fund is to provide pension benefits to eligible employees on whose behalf

employers contribute pursuant to the collective bargaining agreements with the

Laborers' International Union of North America (LIUNA) or with Local Unions and

District Councils affiliated with LIUNA.

7.      Plaintiff Zenith Administrators, Inc. ("Zenith") is an Administrator of and a

fiduciary with respect to the Laborers' National Health and Welfare Fund (the "Health

Fund") and the Laborers' Service Contract Education and Training Trust Fund (the

"Training Fund") within the meaning of Sections 3(21) and 502 of ERISA (29 U.S.C.

§§1002(21) and 1132).  It brings this action in its fiduciary capacity on behalf of and for

the benefit of the Health Fund and the Training Fund with the authorization of the

Funds' Boards of Trustees.

8.      The Health Fund is a joint labor-management trust fund established and

maintained pursuant to an Agreement and Declaration of Trust and various collective

bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29

U.S.C. §186(c)(5)).  The Health Fund is an employee welfare  benefit plan and an

employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of

ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan

within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and

1145).  As such, the Health Fund is authorized to maintain suit as an independent legal

entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ).  The purpose of the

Health Fund is to provide health care benefits to eligible employees on whose behalf

-5-

employers contribute pursuant to collective bargaining agreements with LIUNA  or with Local Unions or District Councils affiliated with LIUNA.

9.      The Training Fund is a joint labor-management trust fund established and maintained pursuant to and Agreement and Declaration of Trust and various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. §186(c)(5)).  The Training Fund is an employee welfare benefit plan and an employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002 (2) and (3) and 1132(d)(1)), and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§1002(37) and 1145).  As such, the Training Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502 (d) (1) (29 U.S.C. § 1132 (d) (1) ). The purpose of the Training Fund is to provide training benefits to eligible employees in the service contact industry financed by contributions made by employers pursuant to collective bargaining agreements with the LIUNA or with Local Unions or District Councils affiliated with LIUNA.

10.     Defendant Relief Enterprises, Inc. ("Relief"), based on Plaintiffs' information and belief, is a business corporation whose business activities include providing custodial, janitorial and housekeeping services for the U.S. Department of Defense, the U.S. Army and other Federal Government agencies at various sites around the United States.  Relief's headquarters office is located at 6448 E Highway 290, Suite E110, Austin, Texas 78723.

11.     Defendant Clarence Williams is, on information and belief, the President,

-6-

chief executive officer and an owner of Defendant Relief who has discretionary

authority and control over the payment by Relief of contributions and other monies

owed to the Pension Fund, the Health Fund, and the Training Fund.  He executed the

Collective Bargaining Agreement described herein on behalf of Relief.  He is an

employer within the meaning of ERISA Sections 3(5) and 515, 29 U.S.C. §1002(5),

1145, and a fiduciary with respect to the three Funds within the meaning of ERISA

Section 3(21)(A), 29 U.S.C. § 1002(21)(A), as further alleged herein.

      12.    Defendant Calvin Williams is, on information and belief, an officer and the

day-to-day manager of Defendant Relief who has discretionary authority and control

over the payment by Relief of contributions and other monies owed to the Pension

Fund, the Health Fund, and the Training Fund.  He is an employer within the meaning

of ERISA Sections 3(5) and 515, and a fiduciary with respect to the three Funds within

the meaning of ERISA Section 3(21)(A), as further alleged herein.

### FIRST CAUSE OF ACTION
### (ERISA § 515: Delinquent Pension Fund Payments)

      13.    Relief is party to and contractually bound by a Collective Bargaining

Agreement with the Texas Laborers' District Council and Laborers' Local Union No.

1095  that sets terms and conditions of employment for Relief employees who work at

the Fort Sam Houston, Texas.

      14.    The Collective Bargaining Agreement requires Relief  to make

contributions to the Pension Fund at a certain hourly rate for each hour for which an

employee covered by the Collective Bargaining Agreement receives pay.  Specifically,

-7-

Article XXVI of the Collective Bargaining Agreement provides as follows:

> "The Employer [Relief] shall contribute for each hour for which an
> employee covered by this Agreement is entitled to pay an amount as set
> forth in Addendum A to the Laborers' International Union of North America
> National (Industrial) Pension Fund in accordance with Addendum B to this
> Agreement.  The Employer and the Union hereby adopt the Agreement
> and Declaration of Trust establishing said Fund, a copy of which has
> been provided to each, and agree to comply therewith"

15.    The Addendum A to the Collective Bargaining Agreement provides that
the rate at which Relief is required to contribute to the Pension Fund is $0.55 per hour.

16.    Schedule B to the Collective Bargaining Agreement provides, with regard
to the Pension Fund as follows:

(a)    Section 1(a) provides that Relief is required to contribute to the Pension
Fund "for each hour for which an employee covered by this Agreement is
entitled to pay, including hours of paid vacations, paid holidays, and other
periods for which pay is paid or owed to an employee."  The obligation to
contribute for an employee commences on the first day of the employee's
employment in a job classification covered by the Collective Bargaining
Agreement.  The provision confirms that the contribution rate is the rate
set forth in Addendum A.

(b)    Section 1(b) requires Relief to pay  contributions on a calender monthly
basis.  Specifically, Relief is required to pay to the Pension Fund
contributions for employee hours in a particular month by the twentieth
(20th) day of the following month.  This Section further requires Relief to

-8-

submit to the Pension Fund monthly contribution reports with the contributions so that the Pension Fund can properly credit to the employees and verify the accuracy of the payment.

c)    Section 1(c) entitles the Pension Fund to have a certified public accountancy firm to audit Relief' payroll and other records to verify the accuracy of contributions to the Fund, verifying employee eligibility, and for other purposes necessary for administration of the Fund.  Relief is also required to provide the Pension Fund with any and all truthful information necessary for administration of the Fund.

(d)    Section 1(e) provides that if Relief fails to submit contributions or contributions reports to the Pension Fund when due, Relief shall be considered an Employer in default and shall be subject to charges for interest, liquidated damages, attorneys fees, costs, audit fees and other costs of collection in accordance with the Pension Fund's Agreement and Declaration of Trust (hereinafter referred to as "the Pension Fund's Trust Agreement").   This Section further provides that the Pension Fund may take any and all lawful collection actions, including the commencement of legal proceedings, without regard to any grievance or arbitration procedure of the Collective Bargaining Agreement.

(e)    Section 1(f) provides that Relief accepts and agrees to be bound by the Pension Fund's Trust Agreement.

17.    The Pension Fund's Trust Agreement (Article VI, Section 6.04) provides,

-9-

in pertinent part, as follows:

"C.    Delinquent employers shall be assessed the following charges:

1.    Each employer carrying a contribution delinquency for thirty (30) calendar days or more will automatically be assessed interest on the delinquent amount at the rate of 1½% per month for each month or part thereof from the date on which the Employer became delinquent until the date on which the delinquency is collected.  All interest assessments will be immediately due and payable.  The Fund Administrator will notify the Employer of the interest charge.

2.    Each Employer whose delinquent status is referred to the Fund Counsel for legal action shall, in addition to interest, be charged liquidated damages in an amount equal to twenty percent (20%) of the unpaid delinquent contributions as the reasonably anticipated costs of administration and collection.  All liquidated damages shall be immediately due and payable.  The Fund Administrator will notify the Employer in writing of the assessment of liquidated damages.

3.    Each delinquent Employer that is audited pursuant to Part III-B-3 hereof shall be charged for the actual cost of the audit.  The Fund Administrator will notify the Employer of the assessment of audit charged with shall be due and payable immediately.

4.    In addition to interest and auditing charges, each Employer against which legal action is taken to collect delinquent contributions or other monies due the Fund shall be charged and liable to the Fund for attorneys' fees and for costs incurred by the Fund in taking such legal action, as well as for the liquidated damages assessed under Part III-C-2 hereof, and such other relief as may be

**-10-**

> available to the Fund under the Employee
> Retirement Income Security Act and other
> applicable law."

18.     Relief failed to pay to the Pension Fund contributions when due for

various months.

19.     By failing pay these contributions and to submit contribution reports to the

Pension Fund when due, Relief violated the Collective Bargaining Agreement, the

terms of the Pension Fund, and ERISA Section 515.

20.     Relief is required to pay to the Pension Fund certain interest charges on

delinquent contributions under the terms of the Pension Fund's Trust Agreement.  The

interest accrued on the delinquent contributions to date is Thirty-Nine Thousand Seven

Hundred Fifty-Five Dollars and Ten Cents **($39,755.10)**.  By failing to pay these interest

charges to the Pension Fund, Relief has violated the Collective Bargaining Agreement,

the terms of the Pension Fund, and ERISA Section 515.  Interest is continuing to

accrue.

21.     Relief has a continuing obligation to contribute to the Pension Fund, and

submit contribution reports, for the term of the Collective Bargaining Agreement and its

obligation to contribute may continue thereafter under federal labor laws.   Relief will

continue to accrue interest charges while the previously accrued interest charges

remain unpaid.  Relief will continue to refuse to pay interest charges until required to do

so by the Court.

22.     Relief receives from the Defense Department or the U.S. Army payments

intended to compensate Relief for its contributions to the Pension Fund for employees

-11-

covered by the Collective Bargaining Agreement in accordance with the labor standards regulatory scheme of the Service Contract Act, 41 U.S.C. § 351, *et seq.* When it fails to make contributions to the Pension Fund for employees covered by the Collective Bargaining Agreement, Relief is unjustly enriched at the expense of its employees and the Federal Government as well as the Pension Fund.  Further, Relief's delinquencies have deprived the Pension Fund of investment income and gains on which the Fund depends for the funding of promised benefits to Fund participants.

23.    The Pension Fund made repeated attempts over the course of many months to persuade Relief to satisfy its entire debt without need for litigation. While Relief has made payments to reduce its delinquency over the past several months, it remains delinquent.

24.    Pursuant to the Collective Bargaining Agreement, the Pension Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Pension Fund is entitled to recover from Relief all interest charges currently owed to the Fund, additional interest, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### (ERISA § 515: Delinquent Training Fund Payments)

25.    Plaintiffs incorporate and reallege herein each and every allegation of paragraphs 1 through 24,  to the same effect as if restated here in full, and further allege as follows.

26.    The Collective Bargaining Agreement (including Article VII, Section 1,

**-12-**

Article XXX, and Schedule A) requires Relief to make contributions to the Training

Fund for all employees covered by the Collective Bargaining Agreement at the rate of

fifty cents ($0.50) per hour paid for each employee.  Hours paid for each employee

include each hour for which an employee is entitled to pay, including paid vacations

and paid holidays.  The obligation to contribute for an employee commences on the

first day of the employee's employment in a job classification covered by the Collective

Bargaining Agreement.

27.    The Collective Bargaining Agreement (Article XXX) provides, in pertinent

part, as follows with regard to Relief's contribution obligations to the Training Fund:

> "The Company [Relief] shall contribute, for each hour for which each employee covered by this Agreement is entitled to pay, to the Laborers' Employers Service Contract Education and Training Trust Fund at the rate set forth in 'Schedule A' to this Agreement.  The Employer and the Union hereby adopt the Agreement and Declaration of Trust establishing said Fund, a copy of which has been provided to each, and agree to comply therewith.

> "The Company shall submit contributions due for work performed during a month to the Fund by the twentieth (20th) day of the immediate following month, and shall also submit to the Fund such reports as the Fund's Board of Trustees deems necessary to verify the Company's contributions. Interest at the rate of one and one-half percent (1.5%) per month compounded shall be assessed against the Company for all contributions past due for more than thirty (30) days unless expressly waived in whole or in part by the Board of Trustees.  If the Company becomes delinquent in making contributions or reports to the Fund, the Union and the Fund shall have the right to take whatever steps they deem appropriate to secure compliance by the Company with its obligations, notwithstanding any provision of this Agreement to the contrary.  The Fund shall be entitled to have a certified public accounting firm audit the payroll and other records of the Company solely for the purposes of verifying the accuracy of contributions to the Fund."

28.    The Training Fund's Trust Agreement (Article V, Sections 3, 4 and 5)

requires that the contributions and contribution report for a month be submitted to the

-13-

Training Fund by the twentieth (20th) day of the following month.  The Trust Agreement

(Article V, Section 4) further provides as follows:

> "DEFAULT IN PAYMENT. Employers who fail to pay the contributions or other
> payments owed the Trust Fund when due may be expelled, at the Board's
> discretion, from participation in the Trust Fund.  In addition to any other
> remedies to which the Trust Fund (or its Board of Trustees) is entitled, any
> Employer which fails to pay contributions or other payments owed within thirty
> (30) days after the end of the month for which such contributions are due shall
> be liable to the Trust Fund for interest at the rate of one and one-half percent (1-
> 1/2%) per month compounded from the due date through the date of payment,
> as well as for expenses of collection incurred by the Trust Fund, including
> attorneys' fees and court costs.  The Trustees are empowered to institute
> proceedings at law or equity, and to take any other action, to collect
> contributions and all other payments due."

29.    Relief failed to pay to the Training Fund the contributions owed for

various months when due.

30.    By failing pay contributions and to submit contribution reports to the

Training Fund when due, Relief violated the Collective Bargaining Agreement, the

terms of the Training Fund, and ERISA Section 515.

31.    Relief is required to pay to the Training Fund certain interest charges on

delinquent contributions under the terms of the Training Fund's Trust Agreement.  The

interest accrued on the delinquent contributions to date is Twenty Five Thousand Two

Hundred Eighty-Six Dollars and Sixty-Two Cents **($25,286.62)**.  By failing to pay these

interest charges to the Training Fund, Relief has violated the Collective Bargaining

Agreement, the terms of the Training Fund, and ERISA Section 515.  Interest is

continuing to accrue.

32.    Relief receives from the Department of Defense or the U.S. Army

-14-

payments intended to compensate Relief for its contributions to the Training Fund for employees covered by the Collective Bargaining Agreement in accordance with the labor standards regulatory scheme of the Service Contract Act, 41 U.S.C. § 351, *et seq.* When it fails to make contributions to the Training Fund for employees covered by the Collective Bargaining Agreement, Relief is unjustly enriched at the expense of its employees and the Federal Government as well as the Training Fund.  Further, Relief's delinquencies have deprived the Training Fund of investment income and gains on which the Fund depends for the funding of promised benefits to Fund participants.

33.     Pursuant to the Collective Bargaining Agreement, the Training Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, the Training Fund is entitled to recover from Relief all interest charges currently owed, additional interest, liquidated damages, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### (ERISA § 515: Delinquent Health Fund Payments)

34.     Plaintiffs incorporate and reallege herein each and every allegation from paragraphs 1 through 33 to the same effect as if restated here in full, and further allege as follows.

35.     The Collective Bargaining Agreement expressly required Relief to contribute to the Health Fund for all employees covered by the Agreement at certain hourly rates and bound Relief to the terms of the Health Fund's Agreement and Declaration of Trust.  Relief's participation in the Health Fund was terminated as of the end of February 2003.

-15-

36.     The Health Fund's Trust Agreement (Article VI, Section 6.04) provides, in

pertinent part, as follows:

> "DEFAULT IN PAYMENT: ... In addition to any other remedies to which
> the Fund or the Board is entitled, any Employer which fails to pay
> contributions or other payments owed shall be liable to the Fund for
> interest at the rate of one-and-one-half percent (1 ½%) per month
> compounded from the due date through the date of payment, as well as
> for all expenses of collection incurred by the Fund, including attorneys'
> fees and court costs.  The Board is empowered to institute proceedings in
> law or equity, and to take any other action, to collect Contributions and all
> other payments due.  If legal proceedings are initiated against an
> Employer in default, the Employer shall also be liable to the Fund for
> liquidated damages in an amount equal to twenty percent (20%) of the
> Contributions past due."

37.     Relief failed to pay to the Health Fund contributions owed for various

months. The contributions owed total One Thousand Three Hundred Eighty Dollars and

Twenty-Nine Cents **($1,380.29)**.

38.     By failing pay these contributions, Relief has violated the Collective

Bargaining Agreement, the terms of the Health Fund, and ERISA Section 515.

39.     In accordance with the Agreement and Declaration of Trust, Relief has

accrued interest charges for delinquent contributions that remain unpaid as well as for

delinquent contributions that have been paid but were paid long after they were due.

The accrued interest charges to date are Thirty Thousand One Hundred Fifteen Dollars

and Four Cents **($30,115.04)**.  By failing to pay these interest charges to the Health

Fund, Relief has violated the Collective Bargaining Agreement, the terms of the Health

Fund, and ERISA Section 515.

40.     Relief will continue to accrue interest charges while the previously

-16-

accrued interest charges remain unpaid. Relief will continue to refuse to pay interest charges until required to do so by the Court.

41.    Relief receives from the Defense Department or the U.S. Army payments intended to compensate Relief for its contributions to the Health Fund for employees covered by the Collective Bargaining Agreement in accordance with the labor standards regulatory scheme of the Service Contract Act, 41 U.S.C. § 351, *et seq.* When it fails to make contributions to the Health Fund for employees covered by the Collective Bargaining Agreement, Relief is unjustly enriched at the expense of its employees and the Federal Government as well as the Health Fund.  Further, Relief's delinquencies have deprived the Health Fund of investment income and gains on which the Fund depends to fund promised benefits to Fund participants.

42.    Pursuant to the Collective Bargaining Agreement, the Health Fund's Trust Agreement, and ERISA Sections 502(a)(3), 502(g)(2) and 515, 29 U.S.C. §§1132(a)(3), (g)(2), 1145, the Health Fund is entitled to recover from Relief the delinquent contributions, all interest charges currently due, additional interest, liquidated damages (equal to the greater of the interest payable or 20% of the contributions), attorneys' fees, auditing fees and costs.

## FOURTH CAUSE OF ACTION
## (ERISA § 404: Breach of Fiduciary Duty by Defendant Clarence Williams)

43.    Plaintiffs incorporate and reallege herein each and every allegation of paragraphs 1 through 42 to the same effect as if restated here in full, and further allege as follows.

-17-

44.    At all material times and currently, Relief has a contract with the Defense Department or the Army to provide custodial / janitorial services at Fort Sam Houston, Texas.  Relief employees perform these custodial / janitorial services.

45.    Relief's performance of its contract is subject to the Service Contract Act. That Act requires Relief to compensate its employees working at the Fort no less than in accordance with a prevailing wage determination issued by the U.S. Department of Labor's Wage and Hour Division. The applicable wage determination has required Relief to, among other things, make certain contributions for the employees to the Pension Fund, the Training Fund and the Health Fund or to pay amounts equal to those contributions directly to the employees.

46.    Relief, under its contract, receives payments from the Defense Department or the Army with which to compensate its employees at the Fort in accordance with the wage determination and the Service Contract Act.

47.    Relief was required by its Collective Bargaining Agreement to use the payments it received from the Defense Department or the Army to make timely contributions for the employees to the Pension Fund, the Training Fund and the Health Fund.

48.    Relief failed to make contributions to the Pension Fund, the Training Fund and the Health Fund on time.  Relief did not pay an amount equal to the unpaid contributions directly to the employees.

49.    Relief's indebtedness to the Pension Fund constitutes an asset of that Fund.  Relief's indebtedness to the Training Fund constitutes an asset of that Fund.

**-18-**

Relief's indebtedness to the Health Fund constitutes an asset of that Fund.

50.     The payments received by Relief from the Defense Department or the Army with which to pay the contributions owed to the Pension Fund are assets of that Fund. The payments received by Relief from the Defense Department or the Army with which to pay the contributions owed to the Training Fund are assets of that Fund. The payments received by Relief from the Defense Department or the Army with which to pay the contributions owed to the Health Fund are assets of that Fund.

51.     As President, chief executive officer and an owner of Relief, Defendant Clarence Williams controls the finances, operations and management of Relief.  In particular, he has and exercises discretionary authority and control over Relief's indebtedness to the three Funds and the payments received from the Defense Department or the Army for payment of the contributions owed to the Funds.  As such, he is a *de facto* fiduciary with regard to each of the three Funds within the meaning of ERISA Section 3(21)(A).

52.     Defendant Clarence Williams has exercised his discretionary authority and control to cause Relief to not pay contributions and interest charges owed to the three Funds and he continues to do so.  By doing so, he has deprived the three Funds their assets or the benefit of their assets and has deprived Relief's employees of compensation and benefits to which they are entitled for their work at Fort Sam Houston for Relief.  In addition, Defendant Clarence Williams has converted assets of the three Funds to the use and benefit of his company, Relief.

53.     Considering the applicability of the Service Contract Act's requirements,

-19-

the non-payment of contributions to the three Funds is tantamount to a failure to

forward employee contributions to the Funds.

54.    Defendant Clarence Williams' acts and omissions constitute violations of

his fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1).  Each of

the three Funds has suffered losses because of these violations of ERISA fiduciary

duty.  Defendant Clarence Williams is personally liable to the Funds for these losses

under ERISA Sections 409, 502(a)(2) and 502(a)(3), 29 U.S.C. §§ 1109, 1132(a)(2),

(3).

## FIFTH CAUSE OF ACTION
### (ERISA § 404: Breach of Fiduciary Duty by Defendant Calvin Williams)

55.    Plaintiffs incorporate and reallege herein each and every allegation of

paragraphs 1 through 54 to the same effect as if restated here in full, and further allege

as follows.

56.    Defendant Calvin Williams, as an officer and manager of Relief's

business affairs, has and exercises discretionary authority and control over Relief's

indebtedness to the three Funds and the payments received from the Defense

Department and the Army for payment of the contributions owed to the Funds.  As

such, he is a *de facto* fiduciary with regard to each of the three Funds within the

meaning of ERISA Section 3(21)(A).

57.    Defendant Calvin Williams has exercised his discretionary authority and

control to cause Relief not to pay contributions and interest charges owed to the three

Funds, and he continues to do so.  By doing so, he has deprived the three Funds of

-20-

their assets or the benefit of their assets and has deprived Relief's employees of

compensation and benefits to which they are entitled for their work at Fort Sam

Houston for Relief.  In addition, Defendant Calvin Williams has converted assets of the

three Funds to the use and benefit of his company, Relief.

58.    Considering the applicability of the Service Contract Act's requirements,

the non-payment of contributions to the three Funds is tantamount to a failure to

forward employee contributions to the Funds.

59.    Defendant Calvin Williams' acts and omissions constitute violations of his

fiduciary duties under ERISA Section 404(a)(1).  Each of the three Funds has suffered

losses because of these violations of ERISA fiduciary duty. Defendant Calvin Williams

is personally liable to the Funds for these losses under ERISA Sections 409, 502(a)(2)

and 502(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand that judgment be entered for each of them and

against the Defendants, jointly and severally, as follows:

1.    Judgment in favor of the Laborers' National (Industrial) Pension Fund in

the amount of Thirty-Nine Thousand Seven Hundred Fifty-Five Dollars

and Ten Cents **($39,755.10)**, the interest charges accrued to date;

2.    Judgment in favor of the Laborers' National (Industrial) Pension Fund for

an additional Thirty-Nine Thousand Seven Hundred Fifty-Five Dollars and

Ten Cents **($39,755.10)**, the additional interest provided under ERISA

-21-

Section 502(g)(2);

3.    Judgement in favor of the Laborers' Service Contract Education and Training Trust Fund in the amount of Twenty-Five Thousand Two Hundred Eighty-Six Dollars and Sixty-Two Cents **($25,286.62)**, the interest charges accrued to date;

4.    Judgement in favor of the Laborers' Service Contract Education and Training Trust Fund for an additional Twenty-Five Thousand Two Hundred Eighty-Six Dollars and Sixty-Two Cents **($25,286.62)**, the additional interest provided under ERISA Section 502(g)(2);

5.    Judgment in favor of the Laborers' National Health and Welfare Fund in the amount of One Thousand Three Hundred Eighty Dollars and Twenty-Nine Cents **($1,380.29)**, the unpaid contributions;

6.    Judgement in favor of the Laborers' National Health and Welfare Fund for an additional Thirty Thousand One Hundred Fifteen Dollars and Four Cents **($30,115.04)**, the interest charges accrued to date;

7.    Judgement in favor of the Laborers' National Health and Welfare Fund for an additional Thirty Thousand One Hundred Fifteen Dollars and Four Cents **($30,115.04)**, the additional interest provided under ERISA Section 502(g)(2);

8.    Judgment in favor of the Laborers' National (Industrial) Pension Fund for an additional Ten Thousand Dollars (**$10,000.00**) in attorney's fees, plus such additional attorney's fees incurred by that Fund in relation to this

-22-

action;

9.  Judgment in favor of the Laborers' Service Contract Education and Training Trust Fund for an additional Ten Thousand Dollars (**$10,000.00**) in attorney's fees, plus such additional attorney's fees incurred by that Fund in relation to this action;

10. Judgment in favor of the Laborers' National Health and Welfare Fund for an additional Ten Thousand Dollars (**$10,000.00**) in attorney's fees, plus such additional attorney's fees incurred by that Fund in relation to this action;

11. An Order compelling Relief to submit to the Laborers' National (Industrial) Pension Fund all contributions, interest charges, and contribution reports when due for such future period as Relief is contractually or legally obligated to contribute to that Fund;

12. An Order compelling Relief to submit to the Laborers' Service Contract Education and Training Trust Fund all contributions, interest charges, and contribution reports when due for such future period as Relief is contractually or legally obligated to contribute to that Fund;

13. An Order compelling Relief to submit to an audit of its payroll and related records by a certified public accountancy firm selected by the Plaintiffs to verify the accuracy of Relief's contributions and reports to the three Funds;

14. Judgment in favor of the Laborers' National (Industrial) Pension Fund for

-23-

post-judgment interest and the costs of this action;

15.     Judgment in favor of the Laborers' Service Contract Education and

        Training Trust Fund for post-judgment interest and the costs of this action;

16.     Judgment in favor of the Laborers' National Health and Welfare Fund for

        post-judgment interest and the costs of this action; and

17.     Such other and further relief as the Court deems just and proper.

Dated: March 14, 2006

                                        Respectfully submitted,


                                        James S. Ray (DC Bar No. 26508)
                                        Law Offices of James S. Ray
                                        706 Duke Street
                                        Alexandria, Virginia 22314
                                        Tel.: 703-836-8111
                                        Fax: 703-836-1888
                                        E-Mail: jrayraylaw@aol.com


                                        Counsel for Plaintiffs