UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK W. SPEAKES, et al., )
)
              Plaintiffs, )
)
        v. )    Case No. 1:06CV00471
)
)    Judge: Henry H. Kennedy
RELIEF ENTERPRISES, INC., )
et al., )
)
             Defendants. )

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Relief Enterprises, Inc., Clarence Williams and Calvin Williams, by and through undersigned counsel, hereby answer the Complaint of Plaintiffs Mark W. Speakes and Zenith Administrators, Inc. as follows:

### NATURE OF THE ACTION AND JURISDICTION

1. Defendants admit that paragraph 1 of the Complaint accurately describes the nature of Plaintiffs' allegations and remedies sought against Defendants. Defendants deny the allegation that Defendants Clarence and Calvin Williams are owners of Defendant Relief. The remainder of paragraph 1 comprises statements of law as to which no admission or denial is required.

2. Paragraph 2 of the Complaint comprises statements of law as to which no admission or denial is required.

3. As to paragraph 3 of the Complaint, Defendants admit, on information and belief, that Plaintiff Speakes' office is located in the District of Columbia and that

1

administrative functions for the Training and Health Funds are conducted within the District of Columbia (however, Defendants lack sufficient information or knowledge as to the truth or falsity of the allegation that such functions are "substantial").  The remainder of paragraph 3 comprises statements of law as to which no admission or denial is required.

4. Paragraph 4 of the Complaint comprises statements of law as to which no admission or denial is required.

## IDENTIFICATION OF THE PARTIES

5. Paragraph 5 of the Complaint contains certain statements of law as to which no admission or denial is required.  Defendants lack sufficient information or knowledge as to the truth or falsity of the allegation that Plaintiff Speakes brings this action with the authorization of the Pension Fund's Board of Trustees, and deny the allegation on that basis.  Defendants admit the remaining factual allegations set forth in paragraph 5 on information and belief.

6. Paragraph 6 of the Complaint contains certain statements of law as to which no admission or denial is required.  Defendants admit the factual allegations set forth in paragraph 6 on information and belief.

7. Paragraph 7 of the Complaint contains certain statements of law as to which no admission or denial is required.  Defendants lack sufficient information or knowledge as to the allegation that Plaintiff Zenith brings this action with the authorization of the Fund's Boards of Trustees, and deny the allegation on that basis.  Defendants admit the remaining factual allegations set forth in paragraph 7 on information and belief.

8. Paragraph 8 of the Complaint contains certain statements of law as to which no admission or denial is required. Defendants admit the factual allegations set forth in paragraph 8 on information and belief.

9. Paragraph 9 of the Complaint contains certain statements of law as to which no admission or denial is required. Defendants admit the factual allegations set forth in paragraph 9 on information and belief.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint. In addition, Defendants aver that Defendant Relief is a not-for-profit corporation.

11. As to paragraph 11 of the Complaint, Defendants deny that Defendant Clarence Williams is an owner of Defendant Relief, deny that he had discretionary authority and control over Defendant Relief's payment of contributions and other monies owed to the funds, and deny that he executed all of the subject collective bargaining agreements. The last sentence of paragraph 11 comprises statements of law as to which no admission or denial is required. Defendants admit the remaining factual allegations set forth in paragraph 11.

12. As to paragraph 12 of the Complaint, Defendants deny that Defendant Calvin Williams is an owner of Defendant Relief, deny that he had discretionary authority and control over Defendant Relief's payment of contributions and other monies owed to the funds, and deny that he executed all of the subject collective bargaining agreements. The last sentence of paragraph 12 comprises statements of law as to which no admission or denial is required. Defendants admit the remaining factual allegations set forth in paragraph 12.

## FIRST CAUSE OF ACTION
### (ERISA §515: Delinquent Pension Fund Payments)

13.     Because Defendants Clarence Williams and Calvin Williams are not named defendants under this cause of action, they are not required to, and do not, respond to the allegations set forth in paragraphs 13 through 24 of the Complaint.  Defendant Relief admits the allegations set forth in paragraph 13 of the Complaint.

14.     Defendant Relief admits the allegations set forth in paragraph 14 of the Complaint.

15.     Defendant Relief admits the allegations set forth in paragraph 15 of the Complaint.

16.     Defendant Relief admits the allegations set forth in paragraph 16 of the Complaint.

17.     Defendant Relief admits the allegations set forth in paragraph 17 of the Complaint.

18.     As to paragraph 18 of the Complaint, Defendant Relief admits that there were several instances in which it was financially unable to make timely payment of the monthly Pension Fund contributions; however, Defendant Relief avers that such failure was due in whole or in part to the federal government's failure to timely pay Defendant Relief monies owed under the service contracts that necessitated the execution of the subject collective bargaining agreements.

19.     Paragraph 19 of the Complaint comprises statements of law as to which no admission or denial is required.

20.     As to paragraph 20 of the Complaint, Defendant Relief admits that it is required to pay the Pension Fund interest on certain untimely contribution payments;

however, Defendant Relief denies that it owes interest in the amount of $39, 775.10, and further denies that interest is continuing to accrue. Defendant Relief avers, on information and belief, that the Pension Fund has incorrectly calculated the total interest due; wrongly and with no contractual basis compounded the interest assessed on the untimely Pension Fund contributions; wrongly failed to timely credit payments made; and, consequently, made demand for and sought payment of a total amount of interest that is not contractually owed. Defendant Relief further avers that inasmuch as all delinquent monthly contributions to the Pension Fund have been brought current, the Pension Fund lacks any contractual basis on which to continue to assess and compound the accrued interest due. The remainder of paragraph 20 comprises statements of law as to which no admission or denial is required.

21.     As to paragraph 21 of the Complaint, Defendant Relief denies that interest is continuing to accrue on accrued interest and further denies that it will refuse to pay contractually owed and correctly calculated interest; Defendant Relief avers that it will make any such interest payments over time pursuant to a feasible payment plan.

22.     As to paragraph 22 of the Complaint, Defendant Relief admits that under certain named services contracts the Defense Department or the U.S. Army makes payments to Defendant Relief to compensate it for its contributions to the Pension Fund. Defendant Relief avers that it relies on such payments in order to make its contributions to the Pension Fund, and further avers that on certain occasions the Defense Department or U.S. Army has failed to make such payments in a timely manner, thereby preventing Defendant Relief on certain occasions from making timely contributions to the Pension Fund. Defendant Relief denies that it has been or is unjustly enriched at the expense of

its employees, the federal government, and/or the Pension Fund. Defendant Relief lacks sufficient information or knowledge as to the truth or falsity of the allegations that the Pension Fund has been deprived of investment income and gains on which the Pension Fund depends for the funding of promised benefits to Pension Fund participants, and denies the allegations on that basis.

23. As to paragraph 23 of the Complaint, Defendant Relief admits that it has been working with the Pension Fund over the course of many months to resolve this dispute without the need for litigation, that it has in fact made payments to reduce the amounts owed, but that it has been and is financially unable to immediately pay all of the amounts owed. In addition, Defendant Relief avers that Plaintiff Speakes has incorrectly calculated the total amount of interest due to the Pension Fund; wrongly and with no contractual basis compounded the interest assessed on untimely Pension Fund contributions; wrongly failed to timely credit payments made; and, consequently, made demand for and sought payment of a total amount of interest that is not contractually owed.

24. As to paragraph 24 of the Complaint, Defendant Relief admits that the Pension Fund is entitled to receive certain, correctly calculated interest assessed on untimely contributions, but denies that the Pension Fund is entitled to liquidated damages, attorneys' fees or costs. In addition, Defendant Relief avers that Plaintiff Speakes has incorrectly calculated the total interest due to the Pension Fund; wrongly and with no contractual basis compounded the interest assessed on the untimely Pension Fund contributions; wrongly failed to timely credit payments made; and, consequently, made demand for and sought payment of a total amount of interest that is not contractually

owed. The remainder of Paragraph 24 comprises statements of law as to which no admission or denial is required.

## SECOND CAUSE OF ACTION
### (ERISA § 515: Delinquent Training Fund Payments)

25.  Because Defendants Clarence Williams and Calvin Williams are not named defendants under this cause of action, they are not required to, and do not, respond to the allegations set forth in paragraphs 25 through 33 of the Complaint. Defendant Relief incorporates and re-alleges by reference herein the admissions, denials and averments set forth in paragraphs 1 through 24 above, as applicable.

26.  Defendant Relief admits the allegations set forth in paragraph 26 of the Complaint.

27.  Defendant Relief admits the allegations set forth in paragraph 27 of the Complaint.

28.  Defendant Relief admits the allegations set forth in paragraph 28 of the Complaint.

29.  As to paragraph 29 of the Complaint, Defendant Relief admits that there were several instances in which it was financially unable to make timely payment of monthly contributions owed under the Training Fund; Defendant Relief avers that such failure was due in whole or in part to the federal government's failure to timely pay Defendant Relief monies owed under the service contracts that necessitated the execution of the subject collective bargaining agreements.

30.  Paragraph 30 of the Complaint comprises statements of law as to which no admission or denial is required.

31. As to paragraph 31 of the Complaint, Defendant Relief admits that it is required to pay the Training Fund certain interest on untimely contribution payments under the terms of the Training Fund's Trust Agreement. Defendant Relief lacks sufficient information or knowledge as to the truth or falsity of the allegation that the interest accrued to date is $25,286.62, and denies the allegation on that basis. The remainder of Paragraph 31 comprises statements of law as to which no admission or denial is required.

32. As to paragraph 32 of the Complaint, Defendant Relief admits that under certain named services contracts the Defense Department or the U.S. Army makes payments to Defendant Relief to compensate it for its contributions to the Training Fund. Defendant Relief avers that it relies on such payments in order to make its contributions to the Training Fund, and further avers that on certain occasions the Defense Department or U.S. Army has failed to make such payments in a timely manner, thereby preventing Defendant Relief on certain occasions from making timely contributions to the Training Fund. Defendant Relief denies that it has been or is unjustly enriched at the expense of its employees, the federal government, and/or the Training Fund. Defendant Relief lacks sufficient information or knowledge as to the truth or falsity of the allegations that the Training Fund has been deprived of investment income and gains on which the Training Fund depends for the funding of promised benefits to Training Fund participants, and denies the allegations on that basis.

33. As to paragraph 33 of the Complaint, Defendant Relief admits that the Training Fund is entitled to receive certain, correctly calculated interest assessed on

delayed contribution payments, but denies that the Training Fund is entitled to liquidated damages, attorneys' fees or costs.

### THIRD CAUSE OF ACTION
### (ERISA § 515: Delinquent Health Fund Payments)

34.     Because Defendants Clarence Williams and Calvin Williams are not named defendants under this cause of action, they are not required to, and do not, respond to the allegations set forth in paragraphs 34 through 42 of the Complaint. Defendant Relief incorporates and re-alleges by reference herein the admissions, denials and averments set forth in paragraphs 1 through 33 above, as applicable.

35.     Defendant Relief admits the allegations set forth in paragraph 35 of the Complaint.

36.     Defendant Relief admits the allegations set forth in paragraph 36 of the Complaint.

37.     As to paragraph 37 of the Complaint, Defendant Relief admits that on certain occasions it failed to make timely contributions to the Health Fund. Defendant Relief denies that it owes contributions to the Health Fund of $1,380.29 or any other amount. Defendant Relief avers, on information and belief, that Plaintiff Zenith has erroneously determined the effective date of a certain contribution rate increase.

38.     Paragraph 38 of the Complaint comprises statements of law as to which no admission or denial is required.

39.     As to paragraph 39 of the Complaint, Defendant Relief admits that it has accrued interest charges for untimely contributions to the Health Fund. Defendant Relief lacks sufficient information or knowledge as to the truth or falsity of the allegation that the interest charges due to the Health Fund to date is $30,115.04, and denies the

allegation on that basis. The remainder of Paragraph 39 comprises statements of law as to which no admission or denial is required.

40. Defendant Relief denies the allegations set forth in paragraph 40 of the Complaint.

41. As to paragraph 41 of the Complaint, Defendant Relief admits that under certain named services contracts the Defense Department or the U.S. Army makes payments to Defendant Relief to compensate it for its contributions to the Health Fund. Defendant Relief avers that it relies on such payments to make its contributions to the Health Fund, and further avers that on certain occasions the Defense Department or U.S. Army failed to make such payments in a timely manner. Defendant Relief denies that it has been or is unjustly enriched at the expense of its employees, the federal government, and/or the Health Fund. Defendant Relief lacks sufficient information or knowledge as to the truth or falsity of the allegation that the Health Fund has been deprived of investment income and gains on which the Health Fund depends for the funding of promised benefits to Health Fund participants, and denies the allegation on that basis.

42. As to paragraph 42 of the Complaint, Defendant Relief admits that the Health Fund is entitled to receive certain, correctly calculated interest assessed on delayed contribution payments, but denies that the Health Fund is entitled to liquidated damages, attorneys' fees or costs. The remainder of Paragraph 42 comprises statements of law as to which no admission or denial is required.

## FOURTH CAUSE OF ACTION
### (ERISA § 404: Breach of Fiduciary Duty by Defendant Clarence Williams)

43. Because Defendant Relief and Defendant Calvin Williams are not named defendants under this cause of action, they are not required to, and do not, respond to the

allegations set forth in paragraphs 43 through 54 of the Complaint. Defendant Clarence Williams incorporates and re-alleges by reference herein the admissions, denials and averments set forth in paragraphs 1 through 42 above, as applicable.

44. Defendant Clarence Williams admits the allegations set forth in paragraph 44 of the Complaint.

45. Defendant Clarence Williams admits the allegations set forth in paragraph 45 of the Complaint.

46. As to paragraph 46 of the Complaint, Defendant Clarence Williams admits that Defendant Relief receives payments from the Defense Department or the U.S. Army to compensate its employees performing custodial/janitorial services at Fort Sam Houston, Texas; however, Defendant Clarence Williams avers that Defendant Relief only receives such service contract payments from the federal government after its employees have been paid.

47. Defendant Clarence Williams admits the allegations set forth in paragraph 47 of the Complaint; however, Defendant Clarence Williams avers that Defendant Relief's failure to timely pay such contributions was due in whole or in part to the federal government's failure to timely pay Defendant Relief monies owed under the service contracts that necessitated the execution of the subject collective bargaining agreements.

48. Defendant Clarence Williams admits the allegations set forth in paragraph 48 of the Complaint; however, Defendant Clarence Williams avers that Defendant Relief's failure to timely pay such contributions was due in whole or in part to the federal government's failure to timely pay Defendant Relief monies owed under the service contracts.

49. Paragraph 49 of the Complaint comprises statements of law as to which no admission or denial is required.

50. Paragraph 50 of the Complaint comprises statements of law as to which no admission or denial is required.

51. As to paragraph 51 of the Complaint, Defendant Clarence Williams denies that he is an owner of Defendant Relief, denies that he has or exercises discretionary authority and control over Defendant Relief's indebtedness to the funds and the payments that Defendant Relief received from the Defense Department or U.S. Army, and denies that he is a fiduciary of the Pension, Training or Health Funds within the meaning of ERISA section 3(21)(A). Defendant Clarence Williams admits the remaining allegations set forth in paragraph 51.

52. Defendant Clarence Williams denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant Clarence Williams denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant Clarence Williams denies the allegations set forth in paragraph 54 of the Complaint.

### FIFTH CAUSE OF ACTION
### (ERISA § 404: Breach of Fiduciary Duty by Defendant Calvin Williams)

55. Because Defendant Relief and Defendant Clarence Williams are not named defendants under this cause of action, they are not required to, and do not, respond to the allegations set forth in paragraphs 55 through 59 of the Complaint. Defendant Calvin Williams incorporates and re-alleges by reference herein the admissions, denials and averments set forth in paragraphs 1 through 54 above, as applicable.

56. As to paragraph 56 of the Complaint, Defendant Calvin Williams denies that he has or exercises discretionary authority and control over Defendant Relief's indebtedness to the funds and the payments that Defendant Relief received from the Defense Department or U.S. Army, and denies that he is a fiduciary of the Pension, Training or Health Funds within the meaning of ERISA section 3(21)(A). Defendant Calvin Williams admits the remaining allegations set forth in paragraph 56.

57. Defendant Calvin Williams denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant Calvin Williams denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant Calvin Williams denies the allegations set forth in paragraph 59 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

2. Plaintiffs' claims fail to state a claim on which relief can be granted.

3. As to Plaintiffs' claims against Defendants Clarence Williams and Calvin Williams, ERISA does not provide for personal liability for unpaid contributions.

4. As to Plaintiffs' claims against Defendants Clarence Williams and Calvin Williams, those Defendants are not fiduciaries and therefore are not subject to suit under ERISA.

5. Any common law claims asserted against Defendants are preempted by ERISA.

6.	Plaintiffs claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches and unclean hands.

7.	The relief sought, in whole or in part, violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

Dated: April 24, 2006                             RELIEF ENTERPRISES, INC.

                                                  Respectfully submitted,


                                                  By:_____/s/_____
                                                      Matthew Sorensen, DC Bar #492130
                                                      John F. Scalia*
                                                      GREENBERG TRAURIG, LLP
                                                      1750 Tysons Blvd., Suite 1200
                                                      McLean, VA 22102
                                                      Tel: (703) 749-1300
                                                      Fax: (703) 749-1301

                                                      *Attorneys for Defendants*
                                                      *Relief Enterprises, Inc.,*
                                                      *Clarence Williams and*
                                                      *Calvin Williams*

                                                      * *Pro hac vice* application pending

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Answer to Complaint was delivered via first class mail, postage prepaid, this 24th day of April 2006 to:

>James S. Ray, Esq.
>Law Offices of James S. Ray
>706 Duke Street
>Alexandria, VA  22314
>Tel: (703) 836-8111
>Fax: (703) 836-1888
>
>*Attorney for Plaintiffs*
>*Mark W. Speakes and Zenith Administrators, Inc.*

_____/s/_____
Matthew Sorensen