UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MARK W. SPEAKES, *et al.*,       )
                                 )
       Plaintiffs,          )
                                 )
v.                               )   CIVIL ACTION NO. 1:06cv00471(Kennedy)
                                 )
RELIEF ENTERPRISES, INC.,        )
<u>et</u> <u>al</u>.,                      )
                                 )
       Defendants.          )
_____ )

**JOINT REPORT ON CONFERENCE
UNDER LCvR 16.3**

By Order issued on May 10, 2006, the Court set an Initial Scheduling Conference for August 10, 2006 at 2:45 P.M. in Courtroom 27A.

In anticipation of that Conference and pursuant to LCvR 16.3 and F. R. Civ. Pro. Rule 26(f), counsel for the parties conferred by e-mail concerning the matters set forth in LCvR 16.3(a) and (c). Counsel hereby submit their joint report of the Conference.

**I.    Statement of the Case**

**A.**  The action is brought pursuant to Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132, primarily to collect delinquent contributions and interest on delinquent contributions that the Plaintiffs allege are owed by an employer, the Defendant Relief Enterprises, Inc. ("Relief"), to three employee benefit plans. The three employee benefit plans are the Laborers' National (Industrial) Pension Fund, the Laborers' National Health and Welfare Fund, and the Laborers' Service Contract Education and Training Trust Fund.   The Plaintiffs are the administrators and fiduciaries of the three Funds.  The Defendants are Relief and two

-2-

individuals, Clarence Williams and Calvin Williams, who the Plaintiffs contend are owners and/or officers of Relief.

Relief had contracted with the U.S. Army to provide janitorial services at Fort Sam Houston, Texas. Relief employees performed the services. Under a collective bargaining agreement with the Texas Laborers' District Council and Laborers' Local Union No. 1095, Relief was obligated to make monthly contributions to the Pension Fund, the Health Fund, and the Training Fund on behalf of its employees employed at the Fort Sam Houston job site for a period of years. The contributions were to be made at certain rates per hours for which the employees received pay. In addition, the Plaintiffs contend, Relief was obligated by the collective bargaining agreement, as well as by the Funds' respective trust documents, to pay interest at a certain rate for delinquent contribution payments. The Funds' governing documents also provide for other relief including 20% liquidated damages in the event that collection litigation is commenced.

Relief was delinquent in making the required contribution payments for various months to the three Funds and accumulated interest charges. Relief has failed to pay the interest charges that the Funds allege is owed. In addition, the Plaintiffs contend that Relief has failed to pay contributions owed to the Health Fund for some months.

The Complaint demands more than $95,000 in accumulated interest charges plus an equal amount under ERISA Section 502(g), in addition to $1,380.29 in delinquent contributions to the Health Fund, and attorneys fees under ERISA Section 502(g).

-3-

B.  The Defendants admit that Relief owes certain interest charges to the three Funds, but contests the amount, rates, and method of calculation of interest. In addition to factual defenses, the Defendants assert that the claims fail to state a claim on which relief can be granted, that the claims are barred in whole or in part by the applicable statute of limitations, that the claims are barred by the doctrines of waiver, estoppal, laches and unclean hands, and that the claims are barred by the 14th Amendment to the U.S. Constitution.  The Defendants also contend that Clarence Williams and Calvin Williams are not personally liable for Relief's obligations, and that ERISA preempts any common law claims.

## II.    LCvR 16.3(c) Topics

The agreements among counsel with regard to each of the matters listed in LCvR 16.3(c) are as follows:

(1)  The parties hope to accomplish an early settlement of the case. If a settlement is not reached, it is likely that some or all of the case can be resolved by dispositive motion.

(2)  The parties do not foresee a need for joinder of additional parties. There is agreement that the deadline for amending pleadings should be ten (10) days after the close of discovery.

(3)  The parties do not wish to have the case assigned to a Magistrate Judge at this time.

(4)  There is a realistic possibility of settling the case.

(5)  It is too early to determine whether the parties would benefit from ADR. In any event, mediation is the form of ADR that would best suit the case.

-4-

(6) The parties hope to accomplish an early settlement of the case. If a settlement is not reached, it is likely that some or all of the case can be resolved by a motion for summary judgment. There is agreement that the deadline for filing a motion for summary judgment should be twenty-one (21) days after the close of discovery; the deadline for filing the opposition should be twenty-one (21) days after the filing of the motion; the deadline for any reply should be ten (10) days after the filing of the opposition; and the motion should be decided within thirty (30) days after the completion of briefing.

(7) There is agreement to exchange Rule 26(a) initial disclosures by September 1, 2006.

(8) There is agreement on a one hundred twenty (120) day discovery period commencing September 1, 2006, with all discovery including responses being completed within that period. All discovery is expected to be written (interrogatories, document requests, requests for admissions), but the parties reserve the right to use other discovery methods authorized by the rules.

(9) The requirements for exchanging expert witness reports and information pursuant to FRCP Rule 26(a)(2) do not need to be modified. Expert depositions will be taken within ten (10) court days after the rebuttal report deadline.

(10) Not applicable; this is not a class action.

(11) There is no need for a bifurcated trial.

(12) The pretrial conference should be set by the Court within thirty (30) days after the Court decides any motion for summary judgment or, if no such motion is filed, on February 1, 2007.

-5-

(13) The Court should set a firm trial date at the pretrial conference.

(14) There are no other matters that the parties believe are appropriate for inclusion in a scheduling order.

Dated: August 2, 2006.

                                    Respectfully submitted,

                                    James S. Ray, Esq.
                                    (DC Bar No. 26508)
                                    Law Offices of James S. Ray
                                    706 Duke Street
                                    Alexandria, Virginia 22314
                                    Tel: 703-836-8111
                                    Fax: 703-836-1888
                                    E-Mail: jrayraylaw@aol.com

                                    Counsel for Plaintiffs

                                    Beverly J. Landers, Esq.
                                    (pro hac vice)
                                    Beverly J. Landers & Associates
                                    P.O. Box 434
                                    Del Valle, Texas 78617-0434
                                    Tel: 512-785-4804
                                    Fax: 512-247-7969
                                    E-mail: bevlandlaw@aol.com

                                    Matthew Sorenson, Esq.
                                    (D.C. Bar No. 26508)
                                    John F. Scalia, Esq.
                                    (pro hac vice)
                                    Greenberg Traurig, LLP
                                    1750 Tysons Blvd., Suite 1200
                                    McLean, Virginia 22102
                                    Tel: 703-749-1300
                                    Fax: 703-749-1301
                                    E-mail: ScaliaJ@GTLaw.com

                                    Counsel for Defendants